### UNITED STATES  DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| CELESTE TYNES,                             ) | |
|                          Plaintiff,        ) | |
|      v.                                    ) | |
|                                            ) | Case No.  12-2082 |
| ILLINOIS VETERANS HOMES and                ) | |
| COUNSEL 31 AFSCME,                          ) | |
|                                            ) | |
|                          Defendants.       ) | |

## REPORT & RECOMMENDATION

In March 2012, Plaintiff Celeste Tynes, acting pro se, filed a Complaint (#1) against Defendant Veterans Home in Manteno IL and Defendant Council 31 AFSCME.  Plaintiff brings her claims under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964.  Subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In April 2012, Defendant AFSCME Council 31 filed Motion of Defendant AFSCME Council 31 to Dismiss (#10).  Plaintiff filed a Response to Motion of Dismissal (#14) and a Memorandum in Support of Response to Motion of Dismissal (#15).  In June 2012, Defendant Illinois Department of Veterans' Affairs filed a Motion to Dismiss (#16).[1]  Plaintiff filed a Response to Motion of Dismissal (#19).  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Motion of Defendant AFSCME Council 31 to Dismiss (**#10**) be **GRANTED** and that Defendant Illinois Department of Veterans' Affairs' Motion to Dismiss (**#16**) be **GRANTED**.

### I.  Background

The following background is taken from Plaintiff's Complaint (#1).  Plaintiff worked as a

---

[1]Though Plaintiff has filed her claim against "Defendant Veterans Home in Manteno IL," this is not a suable entity.  The Court thus refers to Defendant Illinois Department of Veterans' Affairs, the proper party in this case.

nurse's assistant at the Illinois Veterans Home in Manteno, Illinois for over six years.  Plaintiff alleges that she was wrongfully discharged on March 20, 2011.[2]

As background, Plaintiff notes that a supervisor at work, Ms. Johanna Housh, apparently had a longstanding conflict with Plaintiff.  In 2008, Plaintiff reported to a lead supervisor, Ms. Kathy Diangikes, that Ms. Housh had asked Plaintiff to administer medication to a patient, even though it was against policy for Plaintiff to do so because she wasn't certified to administer.  (#1, p. 6; #15).  Plaintiff indicates that, in the years following this incident, Ms. Housh continually retaliated against Plaintiff, and though Plaintiff reported this behavior to her employer and her union, no action was taken.  (#15).

In the events leading up to her discharge, Plaintiff alleges that, in January 2011, Ms. Housh wrote up an incident report about Plaintiff's work.  Plaintiff implies that Ms. Housh fabricated this report, and she pressured two other employees to do the same.  Based on these three incident reports, the head security guard, Chief Alexander, spoke to Plaintiff about the incident.  Plaintiff alleges that, in this meeting, she was discriminated against.  This incident led to her termination.  Plaintiff alleges that, with respect to this incident, she was never given a fair hearing or fair representation from her union, Defendant AFSCME.

Plaintiff attaches a Charge of Discrimination and a right to sue letter from the EEOC pertaining to both Defendants.  In both charges, she alleges that Defendants discriminated against based on her race and retaliated against her for complaining of discrimination.  Plaintiff filed her charges of discrimination on January 19, 2012, and the EEOC mailed the notice of suit rights on January 31, 2012.

---

[2]In a later filing, Plaintiff indicates her date of termination was March 15, 2011.  The Court relies upon the March 20 date indicated in the Complaint for the purposes of this Report & Recommendation.

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). Furthermore, district courts are required to liberally construe complaints filed by pro se litigants. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

**III.  Defendant Illinois Department of Veterans' Affairs' Motion to Dismiss (#16)**

Defendant Illinois Department of Veterans' Affairs seeks dismissal of Plaintiff's § 1983 claim and her Title VII claim.  The Court will consider each of these claims in turn.

*A.  § 1983*

First, Defendant argues that the Court should dismiss Plaintiff's § 1983 claim because "Veterans Home in Manteno IL" is not a suable entity, it is not subject to liability under § 1983, and Plaintiff fails to state a claim for which relief can be granted.  Additionally, Defendant argues Plaintiff's § 1983 claim should be dismissed for lack of subject matter jurisdiction because Defendant has Eleventh Amendment immunity against Plaintiff's claim.

The Seventh Circuit has addressed claims regarding Eleventh Amendment immunity in both Rule 12(b)(1) motions and 12(b)(6) motions.  *Am. Soc. of Consultant Pharmacists v. Patla*, 138 F. Supp.2d 1062, 1065-66 (N.D. Ill. 2001).  Under either rule, all well-pleaded facts are taken as true, all reasonable inferences are drawn in favor of plaintiff, and all ambiguities are resolved in favor of the plaintiff.  *Id.*

To begin, Defendant correctly notes that the Illinois Veterans Home in Manteno is not a suable entity.  Rather, the Illinois Department of Veterans' Affairs operates this facility, and the facility is staffed by employees of the Department.  The Veterans Home has no legal existence separable from the Department.  *See* 20 ILCS 2805/1.5.  As such, the proper defendant in this case is the Illinois Department of Veterans' Affairs.

As a state agency, Defendant Illinois Department of Veterans' Affairs may claim the privileges of sovereign immunity under the Eleventh Amendment.  "The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment." *Joseph v. Bd. of Regents*, 432 F.3d 746, 748 (7th Cir. 2005).  States and "arms of the state" may invoke Eleventh Amendment immunity to bar claims against them brought under § 1983.  *Id.* at 749.  The Eleventh Amendment operates to bar any

claims for money damages. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Furthermore, the Eleventh Amendment bars injunctive relief against the state itself. *Luder v. Endicott*, 253 F.3d 1020, 1024-25 (7th Cir. 2001). In this case, Plaintiff seeks money damages and reinstatement. Both forms or relief are unavailable due to the Defendant's Eleventh Amendment immunity.

As such, Plaintiff's § 1983 claim against Defendant Illinois Department of Veterans' Affairs should be dismissed. Given this determination, the Court does not reach Defendant's remaining arguments with respect to dismissing Plaintiff's § 1983 claim.

*2. Title VII*

Second, Defendant argues that Plaintiff failed to timely file her Title VII claim with the EEOC. Defendant indicates that a plaintiff must file a charge with the EEOC within 300 days after the date on which the alleged unlawful employment practice occurred. 42 U.S.C. §§ 2000e-5(e)(1). Defendant further argues that Plaintiff's failure to file timely bars her from pursuing her claim.

Title VII provides that a charge of racially discriminatory employment practices shall be filed with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).[3] Failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005). For purposes of this statute of limitations, discrete discriminatory employment actions such as termination are deemed to have taken place on the date they occurred, even if they form part of an ongoing practice or are connected with other acts. *Id*. However, the statutory filing period is subject to equitable modification, such as equitable tolling or equitable estoppel. *Chakonas v. City of Chi.*, 42 F.3d 1132, 1135 (7th Cir. 1994). A district court may

---

[3]This time limit is applicable to the case where the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief. The Seventh Circuit has noted that, in Illinois, a charging party has 300 days from the date of the alleged discrimination to file a charge with the EEOC if the IDHR also has jurisdiction over the claim. *Marlowe v. Bottarelli*, 938 F.2d 807, 813 (7th Cir. 1991).

grant a motion to dismiss based on a statute of limitations issue, but at this stage in litigation, must draw all reasonable inferences in favor of plaintiff, especially with respect to the potential applicability of equitable modification. *Vargas v. Yellow Freight Sys., Inc.*, No. 96-3636, 124 F.3d 206, 1997 WL 413581 (7th Cir. July 8, 1997) (unreported).

In this case, Plaintiff was terminated on March 20, 2011 (#1, p. 10). The Court uses this date in its analysis of the statute of limitations. Plaintiff filed her Charge of Discrimination against Defendant on January 19, 2012. This is 305 days after Defendant terminated her employment, and thus beyond the statute of limitations established in Title VII.

Based on the facts presented in the Complaint, the Court believes that equitable modification is not warranted. Plaintiff's complaint suggests that she was aware of any alleged discrimination as it occurred, and thus there was no delay in learning of discrimination that would warrant equitable tolling. Specifically, in her Statement of Claim, Plaintiff lists the date of occurrence of her claim as January 14, 2011, and lists no other dates. (#1, p. 5). Additionally, Plaintiff refers to a specific occurrence of discrimination concerning her exchange with Chief Alexander on January 19, 2011. (#1, p. 6). Furthermore, with respect to equitable estoppel, Plaintiff does not indicate that Defendant in any way prevented her from suing on time, and so equitable estoppel does not apply. Though Plaintiff indicates that she spent many months following her termination pursuing union grievance procedures, the statutory filing deadline is not tolled during the pendency of private grievance procedures. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397 (1982). The Court concludes that, even making every reasonable inference in Plaintiff's favor, the facts alleged demonstrate that equitable modification of the statute of limitation is not warranted.

Because Plaintiff did not timely file her Charge of Discrimination with the EEOC, this Court concludes that Plaintiff's claim is barred by the statute of limitations. Plaintiff's Title VII claim against Defendant Illinois Department of Veterans' Affairs should be dismissed.

## IV.  Motion of Defendant AFSCME Council 31 to Dismiss (#10)

Defendant American Federation of State, County and Municipal Employees (AFSCME), Council 31, seeks dismissal of Plaintiff's § 1983 claim and her Title VII claim.  The Court will consider each of these in turn.

*A.  § 1983*

Plaintiff brings a § 1983 claim against Defendant AFSCME, based on the actions and inactions of her union representatives in handling her claim against Defendant Illinois Department of Veterans' Affairs.  To establish a prima facie case in § 1983 litigation, a plaintiff must allege a deprivation of a federal right, and that the person who deprived the plaintiff of that right acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendant AFSCME notes that, as a private party, it can only be held liable under § 1983 if it was a "willful participant in joint action with the State or its agents."  *Leahy v. Bd. of Trs. of Cmty. Coll. Dist. 508*, 912 F.2d 917, 921 (7th Cir. 1990) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).[4]  To establish an unlawful conspiracy between AFSCME and any state actor, Plaintiff must establish that the public and private actors shared a common, unconstitutional goal.  *Messman v. Helmke*, 133 F.3d 1042, 1045 (7th Cir. 1998).  The Court additionally notes that, at this stage in litigation, it should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Here, Plaintiff alleges that she was "never given a fair hearing, never given a fair representation from my union."  (#1, p. 7).  She continues by alleging that she has done everything the union has asked of her, and has done so in the right time frame.  Despite this, she alleges she has been blocked from having a hearing and from going to arbitration.  Finally,

---

[4] The Supreme Court has also noted that "constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains."  *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

Plaintiff alleges that Defendant AFSCME told her that the Administration had agreed that if she voluntarily resigned, they would remove all reference to discharge from Plaintiff's records; Plaintiff refused this offer. (#1, p. 7). Additionally, in Plaintiff's response to Defendant AFSCME's motion to dismiss, Plaintiff asserts that Defendant AFSCME failed to obtain written statements from certain individuals regarding her claim, and Defendant "selectively obtained statements and conspired with employer." (#14, p. 1). Finally, in Plaintiff's response, she notes Defendant AFSCME failed to investigate Plaintiff's claims that Nurse Housh improperly staffed her unit, denied breaks, and spoke slanderously about Plaintiff to her co-workers. (#15).

The Court notes that, even making all reasonable inferences in Plaintiff's favor, Plaintiff's allegations do not indicate that Defendant AFSCME engaged in any joint action with Defendant Illinois that could plausibly amount to an unlawful conspiracy. Though Plaintiff states that the Defendants did "conspire" against Plaintiff by selectively obtaining statements, this is a conclusory legal statement without any factual support. Because Plaintiff has not alleged facts that plausibly indicate that Defendants were engaged in any unlawful conspiracy, the Court recommends that Plaintiff's § 1983 claim against Defendant AFSCME be dismissed.

*B. Title VII*

Defendant AFSCME argues that Plaintiff has failed to adequately plead her Title VII claim, and it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Title VII does not impose an affirmative duty on a union to prevent unlawful discrimination or harassment in the workplace. *E.E.O.C. v. Pipefitters Assoc. Local Union 597*, 334 F.3d 656, 660-61 (7th Cir. 2003). Rather, a plaintiff can only succeed in a Title VII claim against her union if she can establish the following: (1) her employer violated the collective bargaining agreement with respect to her; (2) the union let such breach go unrepaired, thereby breaching its duty of fair representation; and (3) some evidence indicates discriminatory animus motivated the union. *Greenslade v. Chi. Sun-Times, Inc.*, 112 F.3d 853, 866-67 (7th Cir. 1997).

Plaintiff's complaint contains many allegations that the union let certain violations go unrepaired, thereby breaching its duty of fair representation. However, there is no indication in Plaintiff's complaint that Defendant AFSCME acted with any discriminatory motive. Though the Court is cognizant that Plaintiff is not required to submit any evidence in this stage in litigation, Plaintiff must still allege facts that plausibly indicate, making all inferences in Plaintiff's favor, that she is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). Based on the facts that Plaintiff has alleged, the notion that Defendant AFSCME was motivated by discriminatory animus amounts to mere speculation.

Furthermore, it is particularly relevant that, in this case, Plaintiff's allegations regarding discrimination and retaliation do not indicate that such discrimination or retaliation was related to her race. Plaintiff essentially alleges that Ms. Housh "retaliated" against Plaintiff for reporting Ms. Housh to a supervisor. Plaintiff alleges that, though she repeatedly complained about
Ms. Housh's behavior, her employer and her union did not act. Finally, Plaintiff alleges that Ms. Housh lied about Plaintiff's work in an incident report and encouraged others to lie, and then Plaintiff was terminated based on those lies. Even accepting all of these allegations as true, this does not constitute discrimination based on race or retaliation within the scope of Title VII. Title VII only prohibits intentional discrimination based on an employee's protected class characteristics. *E.E.O.C. v. Flasher Co., Inc.*, 986 F.2d 1312, 1319 (10th Cir. 1992).

Because Plaintiff has not alleged facts that indicate she is plausibly entitled to relief in her Title VII claim against Defendant AFSCME, the Court recommends that this claim be dismissed.

## V. Summary

For these reasons, the Court recommends that the Motion of Defendant AFSCME Council 31 to Dismiss **(#10)** be **GRANTED** and that Defendant Illinois Department of Veterans' Affairs' Motion to Dismiss **(#16)** be **GRANTED**. Because these two motions address all of Plaintiff's claims, Plaintiff's complaint should be dismissed in its entirety.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 16th day of July, 2012.

_____s/DAVID G. BERNTHAL_____
UNITED STATES MAGISTRATE JUDGE